IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| v. | * | Civ. Case No.:  SAG-20-1555 |
| | * | Crim. Case No. JFM-11-0362 |
| ANDRE JAMAL COURTNEY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Currently pending is a 28 U.S.C. § 2255 habeas petition filed by defendant Andre Jamal Courtney.  Courtney contends that his 2012 conviction under 18 U.S.C. § 922(g)(1) is defective in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Court did not advise him at the time of his guilty plea that an element of the offense required his knowledge that he was a person prohibited from possessing firearms.  This Court has reviewed Courtney's motion and the Government's opposition. ECF 62, 72.  No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Courtney's Motion will be denied.

## I.     FACTUAL BACKGROUND

A grand jury returned an indictment against Courtney on June 29, 2011, charging him with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Before the August 18, 2010 recovery of the firearm with which he was charged, Courtney had sustained three prior criminal felony convictions, and had served more than a year in prison for at least one armed carjacking conviction in 2007.

In response to his 2011 federal felony charge, Courtney entered into a plea agreement including a signed statement of facts, which read in relevant part:

> Prior to August 18, 2010, COURTNEY had been convicted of at least one crime punishable by more than a year of imprisonment.  COURTNEY's civil rights, including his right to possess a firearm, had not been restored.

ECF 72-1 at 9.  Courtney received a sentence of 90 months in prison.  ECF 48 at 2.

Several years later, in the *Rehaif* case, the Supreme Court ruled that in § 922(g) cases, the government has to prove that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm," or, in other words, that he knew he had been convicted of a crime punishable by imprisonment of more than one year.  *Rehaif*, 139 S. Ct. at 2200.  On June 8, 2020, Courtney filed the instant motion to vacate judgment in his case pursuant to the *Rehaif* decision.  This Court held all *Rehaif*-related habeas petitions, including Courtney's, in abeyance until the Supreme Court decided *Greer v. United States*, 141 S. Ct. 2090 (2021).  With that Court's guidance, the petition is now ripe for disposition.

## II.     APPLICABLE LEGAL STANDARDS

In *Greer,* the Supreme Court considered cases involving two defendants who had been convicted and sentenced prior to *Rehaif*.  The Court explained that to prevail on plain-error review, each defendant had to make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. If such an argument or representation is made, "the court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different."  *Id.*  The Court cogently summarized the difficulty most defendants will have in meeting that high bar:

> The reason is simple:  If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets.  That simple truth is not lost upon juries.  Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.  A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty.

*Id.* at 2097 (internal quotation and citation omitted) (emphasis in original).

## III.    ANALYSIS

Courtney did not raise his *Rehaif* argument on direct appeal, instead pursuing this collateral

attack pursuant to 28 U.S.C. § 2255.  However, the failure to raise the claim on direct appeal

constitutes a procedural default barring presentation of his claim in a § 2255 petition, unless the

petitioner can demonstrate either cause and prejudice, or actual innocence.  *United States v.*

*Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).  Here, Courtney has done neither.  He cannot show

actual innocence because he stipulated to having a prior felony conviction in his guilty plea and

because he had been sentenced to more than one year in prison on at least one occasion.  It defies

logic to suggest, then, that he was unaware that he had been convicted of a crime punishable by

more than one year of imprisonment.  And he cannot demonstrate "cause and prejudice" either.

"[C]ause for a procedural default must turn on something external to the defense, such as the

novelty of the claim or a denial of effective assistance of counsel."  *United States v. Mikalajunas*,

186 F.3d 490, 493 (4th Cir. 1999).  To the extent Courtney would argue novelty because *Rehaif*

was not decided until 2019, his claim fails because "other defense counsel have perceived and

litigated that claim," albeit unsuccessfully, years prior.  *Engle v. Isaac*, 456 U.S. 107, 134 (1982)

(noting that in such circumstances where the claim has been raised previously by other attorneys,

"the demands of comity and finality counsel against labeling alleged unawareness of the objection

as cause for a procedural default."); *United States v. Williams,* 588 F.2d 92, 92-93 (4th Cir. 1978)

(rejecting *Rehaif*-type arguments more than 40 years ago).  Even if Courtney were able to show

cause, he cannot show prejudice, which is defined as an error that "worked to his actual and

substantial disadvantage" and was "of constitutional dimension[]."  *United States v. Frady*, 456

U.S. 152, 170 (1952) (emphasis omitted).  In light of the ample evidence that Courtney knew of

his prior felony convictions, he is unable to establish that the Court's failure to advise him that he needed to know he was a felon worked to his disadvantage at all.  Therefore, to the extent Courtney ever had a viable *Rehaif* claim, it was procedurally defaulted.

Apart from this Court's findings on procedural default, however, Courtney's *Rehaif* claim would also fail on the merits in light of the Supreme Court's decision in *Greer*.  For all the reasons explained above, the record conclusively demonstrates that Courtney knew of his prior felony conviction.  He therefore cannot show any "'reasonable probability' that the outcome of the district court proceeding would have been different." *Greer*, 141 S. Ct. at 2100.

Courtney's *Rehaif* Motion, ECF 62, will therefore be denied by separate order.

## IV.    CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." *See* Rule 11(a) of the Rules Governing § 2255 Cases.  A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This Court has considered the record and finds that Courtney has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim debatable or incorrect.  *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001).  Accordingly, a certificate of appealability is denied.


DATED:  June 8, 2022                                    _____/s/_____
                                                                           Stephanie A. Gallagher
                                                                           United States District Judge